**CT Corporation**

**Service of Process Transmittal**
10/21/2011
CT Log Number 519354395



**TO:** Kimberly Grimsley, Esquire
Bowie & Jensen LLC
29 West Susquehanna Avenue, Suite 600
Towson, MD 21204

**RE:** **Process Served in Ohio**

**FOR:** Consumer Law Associates, LLC (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Carrie Snowden, Pltf. vs. Consumer Law Associates, LLC., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Original Case Schedule, Complaint and Request for Declaratory and Injunctive Relief, Demand for Jury Trial |
| **COURT/AGENCY:** | Franklin County Common Pleas Court, OH Case # 11CV1012625 |
| **NATURE OF ACTION:** | Violations of the Ohio Consumer Sales Practices Act and Debt Adjustment Companies Act - Defendants charged an excessive fee for debt adjusting and failing to provide the service pursuant to the Failure to Deliver Rule - Seeking permanent injunction enjoining the defendants from engaging in the acts and practices which plaintiff complains in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary obligations to plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Cleveland, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/21/2011 postmarked on 10/18/2011 |
| **JURISDICTION SERVED:** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service - File answer with Pltf.'s attorney or Pltf. // Within 3 days after the service of answer on Pltf.'s attorney - File answer with the court // 02/28/2012 - Initial Joint Disclosure of all Witnesses (See Case Schedule for additional deadlines) |
| **ATTORNEY(S) / SENDER(S):** | Jeremiah Heck Luftman, Heck & Associates, LLP 580 East Rich Street Columbus, OH 43215 614-224-1500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 797651080761 Email Notification, James McQuide jmcquide@perselslaw.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Debra Justice |
| **ADDRESS:** | 1300 East 9th Street Suite 1010 Cleveland, OH 44114 |
| **TELEPHONE:** | 216-621-4270 |

Page 1 of 1 / WT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signed certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT**
**A**



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

CARRIE SNOWDEN
5451 STEEPLECHASE LANE
WESTERVILLE, OH 43081-0000,

PLAINTIFF,
VS.

CONSUMER LAW ASSOCIATES LLC
% CT CORPORATION SYSTEM
1300 EAST NINTH STREET
CLEVELAND, OH 44114-0000,

DEFENDANT.

11CV-10-12625

**CASE NUMBER**

**** SUMMONS ****          10/11/11

TO THE FOLLOWING NAMED DEFENDANT:
CONSUMER LAW ASSOCIATES LLC
% CT CORPORATION SYSTEM
1300 EAST NINTH STREET
CLEVELAND, OH 44114-0000

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:     CARRIE SNOWDEN
5451 STEEPLECHASE LANE
WESTERVILLE, OH 43081-0000,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
JEREMIAH HECK
LUFTMAN HECK ASSOC LLP
580 EAST RICH STREET
COLUMBUS, OH 43215-0000

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  DION M. HEMMERLY, DEPUTY CLERK

(CIV370-S03)



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE C. SCHNEIDER

CARRIE SNOWDEN,

   PLAINTIFF,

  VS.

        11CV-10-12625

        **CASE NUMBER**

CONSUMER LAW ASSOCIATES LLC
ET. AL.,
    DEFENDANT.

CLERK'S ORIGINAL CASE SCHEDULE
--------------------------------

|  | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 10/11/11 |
| INITIAL STATUS CONFERENCE | ******** |
| INITIAL JOINT DISCLOSURE OF ALL WITNESSES | 02/28/12 |
| SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES | 04/24/12 |
| TRIAL CONFIRMATION DATE | 05/08/12 |
| DISPOSITIVE MOTIONS | 07/17/12 |
| DISCOVERY CUT-OFF | 07/31/12 |
| DECISIONS ON MOTIONS | 09/11/12 |
| FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) | 10/09/12 0130PM |
| TRIAL ASSIGNMENT | 11/13/12 0900AM |

NOTICE TO ALL PARTIES
----------------------

  ALL ATTORNEYS AND PARTIES SHOULD MAKE THEMSELVES FAMILIAR WITH THE COURT'S LOCAL RULES, INCLUDING THOSE REFERRED TO IN THIS CASE SCHEDULE. IN ORDER TO COMPLY WITH THE CLERK'S CASE SCHEDULE, IT WILL BE NECESSARY FOR ATTORNEYS AND PARTIES TO PURSUE THEIR CASES VIGOROUSLY FROM THE DAY THE CASES ARE FILED. DISCOVERY MUST BE UNDERTAKEN PROMPTLY IN ORDER TO COMPLY WITH THE DATES LISTED IN THE RIGHT-HAND COLUMN.

        BY ORDER OF THE COURT OF COMMON PLEAS,
        FRANKLIN COUNTY, OHIO

__/__/__
DATE

_____
MARYELLEN O'SHAUGHNESSY, CLERK

(CIV363-S10)

### IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS
### CIVIL DIVISION

Carrie Snowden       :
5451 Steeplechase Lane    :
Westerville, OH 43081,    :
      Plaintiff,   :
   v.        :
           :
Consumer Law Associates, LLC. :
c/o CT Corporation System   :
1300 East Ninth Street    :
Cleveland, OH 44114,    :
           :
*Neil J. Ruther, individually and as* :
Director/officer owner of Consumer Law :
Associates, LLC     :
c/o CT Corporation System   :
1300 East Ninth Street    :
Cleveland, OH 44114,    :
           :
EFA Processing, L.P.    :
c/o CT Corporation System   :
350 N. St. Paul Street, Suite 2900 :
Dallas, TX 75201-4234,    :
           :
Kenneth Talbert, individually and as :
Director/officer/owner of EFA   :
Processing, L.P.     :
c/o CT Corporation System   :
350 N. St. Paul Street, Suite 2900 :
Dallas, TX 75201-4234    :
           :
Paul Boyd, individually and as  :
Director/officer/owner of EFA   :
Processing, L.P.     :
c/o CT Corporation System   :
350 N. St. Paul Street, Suite 2900 :
Dallas, TX 75201-4234    :
           :
   and,      :
           :
John Does 1-5      :
Name Unknown     :
Address Unknown,     :
    Defendants.   :

Case No. 11 CVH 10 - 12625

Judge _____

**COMPLAINT AND**
**REQUEST FOR DECLARATORY**
**AND INJUNCTIVE RELIEF**

**Case Designation -- "H" Other Civil**
    **(Consumer Fraud)**

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2011 OCT 11 PM 2: 47
CLERK OF COURTS

**Jury Demand Endorsed Herein**

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Debt Adjustment Companies Act, R.C. § 4710.01, et seq. ("DACA"), the Credit Services Organization Act, R.C. § 4712.01, et seq. ("CSOA"), the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j ("CROA"), and the Ohio Consumer Sales Practices Act, R.C. § 1345.01, et seq. ("OCSPA"), all of which prohibit *persons engaged in debt adjusting and credit repair from engaging in abusive,* deceptive, and unfair practices.

2. Plaintiff Carrie Snowden ("Snowden") is an individual consumer residing at 5451 Steeplechase Lane in the City of Westerville, County of Franklin, and State of Ohio.

3. This Court has venue to hear this case pursuant to Civ. R. 3(B)(3), in that some of the transactions complained of, and out of which this action arose, occurred in Franklin County, Ohio.

4. Upon information and belief, Defendant is Consumer Law Associates, LLC ("CLA"), a Maryland debt adjustment and credit repair company operating from an address at 29 West Susquehanna Avenue, Suite 400, Towson, Maryland 21204 and doing business in the State of Ohio.

5. Upon information and belief, Defendant is EFA Processing, L.P., ("EFA *Processing"), a Texas debt adjustment and credit repair company operating from an* address at 7668 Warren Parkway, Suite 325, Frisco, Texas 75034 and doing business in the State of Ohio.

6.    For the purposes of this Complaint, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

7.    Defendants regularly engage in business in Ohio and directed at residents of Ohio and have otherwise availed themselves of the Ohio marketplace and secured the benefits of that marketplace.  Such conduct included, among other things, holding themselves out as debt settlement and credit repair companies providing services to Ohio residents, directing business solicitations into the State of Ohio, directed at indebted Ohio residents, seeking participation in Defendants' debt settlement and credit repair programs; contracting in Ohio with Ohio consumers for various services, including debt settlement and credit repair, offering to perform and/or performing activities for Ohio residents including debt settlement and credit repair functions, and/or contracting for legal services or performing legal services for Ohio consumers.

## STATEMENT OF FACTS

8.    In response to unfair and deceptive debt settlement and credit repair practices, the State of Ohio, and most recently the Federal Trade Commission have enacted statutes or regulations protecting consumers.

9.    Among the many unfair and deceptive practices regulated are predatorily high fees and exorbitant "upfront" fees.  The predatory nature of the fees is such that the monthly payments are consumed by program fees for the first several months of a consumer's participation in the program.

10.    These consumer protections have recently spawned business conspiracies aimed at evading these consumer protection laws, especially the limitations on fees.

11.    Among the most recent conspiracies, this action arises from a coordinated scheme devised by Defendants with the express intent of duping creditors and consumers into believing that the law firm, Defendant CLA, was providing debt settlement services when, in fact, non-attorney employees of Defendant EFA Processing performed such "legal" services.

12.    CLA is in the business of lending its name to debt settlement and credit repair businesses, including Defendant EFA Processing, to create a fiction that the services are being performed by attorneys, thereby evading consumer protections applicable to such services, including fee limitations.

13.    CLA gave substantial assistance and encouragement to EFA Processing, in conducting unfair, deceptive, criminal, and otherwise unlawful business activities directed at Snowden by, among other things, engaging in and agreeing to engage in a "Client Retainer Agreement", lending its name as a law firm to EFA Processing's business activities, and by otherwise agreeing to carry out the common business scheme described in this Complaint.

14.    The services set out in the "Client Retainer Agreement" are recited for the purpose of creating an illusion that the debt settlement and credit repair services constitute the practice of law or are being performed incidental to the practice of law.

15.    EFA Processing performs the debt settlement and credit repair services under a false pretense that they were done under the direct supervision and control of an attorney at CLA.

16.     Upon information and belief, attorneys at CLA do not control the method, manner, or means by which EFA Processing performed the debt settlement and repair services for Snowden or otherwise directly supervised or controlled those activities.

17.     Prior to February 5, 2010, Plaintiff received a mailer advertising Defendant's services. On or before February 5, 2010, Plaintiff contacted Defendants based upon the content of that mailer to get more information on Defendants' debt settlement and credit repair services.

18.     Plaintiff made the decision to contract with Defendants because they were a law firm.

19.     At all times relevant, unbeknownst to Snowden, Defendant EFA Processing would perform the actual debt settlement services on their behalf. Defendant EFA Processing is not a law firm, and does not employ attorneys licensed in the State of Ohio.

20.     In order to further this scheme, non-lawyer employees of EFA Processing were instructed to refer to themselves as being from CLA. Non-lawyer employees further sent correspondence that purported to give legal advice, debt settlement advice, or credit repair advice in the name of CLA.

21.     For these services, Snowden agreed to pay specified fees that, unknown to her at the time, are criminally illegal, owing to their enormous size and accelerated timing of payment.

22.     If meaningful positive funds eventually accumulate in the debt settlement account, EFA Processing may attempt settlement of a scheduled program debt. Although accounts may be settled, meaningful value to the consumer is minimal as late fees, over the limit fees, and interest continue to accumulate.

23. The agreement drafted by Defendants is illegal in the State of Ohio.

24. Defendants withdrew an initial consultation fee in the amount of $199.00 and an initial retainer fee in the amount of $396.98 from Snowden's checking account and then payments for retainer fees and service fees in the amount of $481.98 over a period of several months.

25. Defendants knew that the debt settlement program's fees exceeded the amount permitted by R.C. § 4710.02(B).

26. Defendants made various misrepresentations or non-disclosures in an effort to induce Snowden to enter into the illegal agreement, including but not limited to:

    a. Using a mailer for the purposes of advertising with content that is deceptive in nature. The mailer that Snowden received advertising Defendants services created the impression that Defendants program was sponsored and approved by the United States Government.

    b. Unsubstantiated claims of savings to Snowden. Defendants represented to Snowden that the program would save her approximately 50% of the total debt; however, Defendants do not have a record of accomplishment that supports this statement.

    c. Misleading or failing to adequately inform consumers that they will be subject to continued collection efforts, including lawsuits, and that their account balances will increase due to extended nonpayment under the program. Although the contract specifically indicates a creditor is still able to bring a lawsuit, Defendants fail to

disclose that this event occurs on a regular basis to Ohio consumers.

d.   Defendants based savings claims not on the original account balance, but on the inflated amount due at the time of the settlement.

e.   Defendants failed to include its fees when it estimated the amount Snowden would save.

f.   Defendants represented that the majority of consumers that agree to retain Defendants complete the debt settlement program thereby becoming debt free.

g.   A high percentage of Ohio consumers who attempt Defendants' debt settlement program do not in fact complete the program, and do not become debt free as a result of their services.

h.   Defendants accepted money from Snowden for the purpose of settling all her debts on the program for less than the amount owed knowing there was a substantial likelihood that they could not provide the services as promised.

i.   Defendants represented that if a lawsuit was filed against Snowden by one of her creditors, Defendants would defend her in that lawsuit knowing that there was a substantial likelihood that they could not provide such representation.

j.   Although Defendants claimed an attorney/client relationship in an effort to induce Plaintiff to retain their services, the only services Defendants were legally obligated to provide pursuant to their

retainer agreement were "debt settlement" services. Said services are not legal services in the State of Ohio.

k.    Although Defendants advertised as a law firm in order to induce Plaintiff to retain their services, Defendants do not have malpractice insurance as required by the Model Rules in the State of Ohio. Defendants further did not disclose the information to Plaintiff. Said conduct is intentionally deceptive and misleading.

l.    Although a law firm may limit its representation in Ohio, said representation must be *reasonable* under the circumstances. Upon information and belief, Defendants limit the scope of their representation in *every* case without regard to the specific circumstances. Said conduct violates the Ohio Model Rules and was deceptive and misleading to Plaintiff.

27.    Defendants further represented they can improve the credit rating of users of their credit repair service and improve credit worthiness.

28.    Defendants' representatives, while specifically disclosing that the debt adjustment services will harm Snowden's credit, indicated that the overall effect of the program would help repair her credit.

29.    Defendants claim that Snowden's debt to income ratio would decline, thereby raising their credit score.

30.    Defendants further claimed that Snowden's credit score would go down initially, but that it would rise throughout the duration of the program.

31.    Snowden's credit score declined and has yet to improve.

32.     Defendant knowingly entered into a consumer transaction on terms it knew were substantially one-sided in favor of the Defendant.

33.     Defendants knowingly took advantage of Snowden's elderly status to induce her to contract with Defendants and enter to an agreement that is illegal in the State of Ohio.

34.     In an effort to induce Ohio consumers to enter into a contract with Defendants, they implied they would assist her with a lawsuit in the unlikely event she was sued by one of the creditors with which Defendants have agreed to negotiate by requesting all correspondence received from her creditors and indicating they would take care of everything.  Defendants indicated as much while specifically disclaiming any such legal assistance in its contract with Snowden.

35.     Defendant EFA Processing is not a law firm and is not licensed to practice law in the State of Ohio.

36.     Defendant EFA Processing provided further legal advice regarding the FDCPA, FCRA, and credit repair among other areas of law.

37.     Defendant EFA Processing is, and at all times relevant hereto was, engaged in the unauthorized practice of law.

38.     Defendant EFA Processing so engaged in the unauthorized practice of law in an effort to induce Snowden to execute a contract for Defendants' services and/or to continue the previously executed contract.

39.     Defendants failed to make full refunds of monies paid for undelivered service, despite requests from Snowden to make full restitution of all damages.

40.     Upon information and belief, Defendants John Does 1-5 individually direct the actions of CLA and EFA Processing respectively.

41.    Defendants are thereby responsible for the actions of their agents under the doctrine of respondeat superior.

### COUNT ONE
### Violations of the Ohio Consumer Sales
### Practices Act and Debt Adjustment Companies Act

42. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

43.    Snowden is a "consumer" as defined by the OCSPA, R.C. § 1345.01(D).

44.    Defendants are each a "person" as defined by the DACA, R.C. § 4710.01(A) engaged in the act of "debt adjusting" as defined by the DACA, R.C. § 4710.01(B), and a "supplier" as defined by the OCSPA, R.C. § 1345.01(C), since Defendants were engaging in the business of effecting "consumer transactions", either directly or indirectly, by engaging in the business of debt adjusting, budget counseling, debt management, or debt pooling services, or holding oneself out, by words of similar import, as providing services to debtors in the management of their debt to a consumer in the State of Ohio for purposes that were primarily for personal, family or household use.

45.    Defendants committed unfair, deceptive and unconscionable acts or practices in violation of R.C. §§ 1345.02(A) and/or 1345.03(A) of the Consumer Sales Practices Act including:

a.    Defendants operated a debt settlement company in the State of Ohio without complying with applicable Ohio law, namely, R.C. § 4710, et seq.

b. Defendants charged an excessive fee for debt adjusting and failing to provide the service pursuant to the Failure to Deliver Rule, O.A.C. § 109:4-3-09(A).

c. Defendants made false or misleading statements to induce a purchaser to pay for services.

d. Defendants engaged in debt adjustment activities, including holding out that it could affect the adjustment, compromise, or discharge of any account, note, or other indebtedness of consumers who sign up for its services, without complying with R.C. §§ 4710.02(A) and (B), specifically that Defendants charged fees in excess of those permitted by the Ohio Debt Adjusters Act.

e. Defendants violated Ohio Adm. Code § 109:4-3-09(A) by accepting money from consumers for goods or services ordered by mail, telephone, or otherwise and then failed to make full delivery or make a full refund as promised.

f. Defendants had knowledge of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction.

g. Defendants knowingly took advantage of a consumer's status as an elderly person in order to induce him or her into contracting for Defendants' services.

h. Defendants required the consumer to enter into a consumer transaction on terms the supplier knew were substantially one-sided in favor of the supplier.

    i.      Defendants recommended or encouraged a consumer to default on his or her credit card debt.

    j.      Defendants charged or received directly from the buyers money or other consideration prior to completing all agreed upon services in violation of R.C. § 4712.07(A) of the CSOA.

    k.     Defendants failed to register as a credit services organization with the Ohio Division of Consumer Finance in violation of R.C. § 4712.02(J).

    l.      Defendants failed to provide a contract with their transaction that included the notices, statements, and cancellation forms as defined in R.C. §§ 4712.05(A) and 4712.05(B).

    m.    Defendants failed to arrange for and undergo an audit conducted by an independent, third party, certified public accountant of the person's business and then file the audit and opinion with the consumer protections division of the attorney general in violation of R.C. §§ 4710.02(D)(1-2) and 4710.02(F)(2).

    n.     Defendants failed to obtain and maintain insurance coverage not less than $100,000.00 for employee dishonesty, forgery, and fraud in violation of R.C. §§ 4710.02(E)(1-2) and 4710.02(F)(2).

    o.     Defendants solicited Plaintiff via a deceptive mailer that, among other things, implied a relationship with the Unites States Government.

46.    Such acts and practices have been previously determined by Ohio courts to violate the Consumer Sales Practices Act, R.C. § 1345.01 et seq.

47. Defendants committed said violations after such decisions were available for public inspection pursuant to R.C. § 1345.05(A)(3). *State ex rel. Petro v. Debticated Consumer Counseling, Inc.* (Lucas Co. C.P. 2003), Case No. CIO 2002 4856, (PIF# 2173); *State of Ohio ex rel. Cordray v. United Law Group, Inc.* (Franklin Co. C.P. 2010), Case No. 10 CVH 021567, (PIF# 2874); *State of Ohio, ex rel. Cordray v. Brotherton* (Greene Co. C.P. 2010), Case No. 2009 CV 0709, (PIF# 2831); *In Re Nationwide Debt Solution, Inc.* (2010), Docket No. 384784 (PIF# 2878); *In Re Budulator Corporation, Inc.* (2010), Docket No. 388509 (PIF# 2876); *State of Ohio ex rel. Rogers v. Richard Pinnix d/b/a Pinnix Business Services* (Franklin Co. C.P. 2008), Case No. 07CVH08-10491(PIF# 2726); *State of Ohio ex rel. Dann v. American Housing Authority, Inc.* (Lucas Co. C.P. 2008), Case No. CI-0200705443 (PIF# 2676); *State of Ohio ex rel. Petro v. AAA All Ohio Roofing, et al.* (Franklin Co. C.P. 2003), Case No. 02CVH022119 (PIF# 2152); *State ex rel. Montgomery v. Bayview Group, Inc.* (Franklin Co. C.P. 2003), Case No. 97CVH12 10749 (PIF# 1727).

## COUNT TWO
## Violations of the Ohio Credit Services Organization Act

48. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

49. Plaintiff is a "buyer" as defined by the CSOA, R.C. § 4712.01(A).

50. Defendants operate a "credit services organization" as defined by the CSOA, R.C. § 4712.01(C).

51. Defendants failed to register as a credit services organization with the Ohio Division of Consumer Finance in violation of R.C. § 4712.02(J).

52. Defendants failed to provide to buyers, prior to executing contracts or receiving consideration for its credit services, a statement of rights as defined by R.C. § 4712.04(A).

53. Defendants failed to provide a contract with their transaction that included the notices, statements, and cancellation forms as defined in R.C. §§ 4712.05(A) and 4712.05(B).

54. Defendants charged or received directly from the buyer money or other consideration prior to completing all agreed upon services in violation of R.C. § 4712.07(A) of the CSOA and an unfair and deceptive act or practice in violation of R.C. § 1345.02(A).

### COUNT THREE
### Violations of the Credit Repair Organization Act

55. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

56. The Credit Repair Organizations Act was enacted to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services and to protect the public from unfair or deceptive advertising and business practices by credit repair organizations. 15 U.S.C. § 1679(b). The CROA provides that a credit repair organization:

     a. May not charge or receive any money or other valuable consideration for services which the credit repair organization has agreed to perform before such service is fully performed, 15 U.S.C. § 1679(b);

b.  May not provide services without a written and dated contract that includes a full and detailed description of the services to be performed and other terms and conditions set forth in 15 U.S.C. §§ 1679d(a)(1), 1679d(b);

c.  Must provide to the consumer, before any contract or agreement between the consumer and the credit repair organization is executed, the written statement set forth in Section 405(a) of CROA concerning consumer credit file rights under state and federal law and the right to cancel a contract with a credit repair organization, 15 U.S.C. § 1679c; and

d.  Must allow a consumer to cancel any contract with the credit repair organization without penalty or obligation if the consumer notifies the credit repair organization of the consumer's intention to cancel before midnight of the third business day after the date the contract between the consumer and the credit repair organization is executed, 15 U.S.C. § 1679e.

57.  Defendants are each a "credit repair organization" as that term is defined in the Credit Repair Organizations Act ("CROA"), because they use instrumentalities of interstate commerce to sell, provide, or perform (or represent that such defendants can or will sell, provide, or perform) a service for the express or implied purpose of improving a consumer's credit record, credit history, or credit rating, and this service is offered in return for the payment of money. 15 U.S.C. § 1679a(3).

58.     Although Defendants specifically disclose they will not assist in improving or repairing credit reports, a representative indicates that the overall effect of the debt management program will be an improved credit score.

59.     A representative of Defendants, in attempting to sell the debt management program, indicates that the debt to income ratio will be improved, thereby improving Plaintiff's overall credit score.

60.     Defendants received money prior to fully performing its services, and failed to provide any of the proper disclosures, contracts, or right to cancel forms.

61.     Defendants conduct as alleged in Count Three of this Complaint violates the Credit Repair Organizations Act, and each of the Defendants are jointly and severally liable for these violations.

## COUNT FOUR
### Fraud/Fraud in the Inducement

62.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

63.     Fraudulent conduct has been specifically alleged throughout this Complaint and incorporated into Count Four by reference.  Snowden reiterates that she specifically relied on the aforementioned representations, misrepresentations, non-disclosures and implied representations when making the determination to enter into a contract or continue using the services of Defendants.

64.     Defendants engaged in the unlawful conduct previously alleged with the actual and/or imputed knowledge of the unlawful conduct.

65.     Defendants knowingly engaged in such conduct with the purpose of inducing payment from Snowden.

Snowden v. Consumer Law Associates et al.
COMPLAINT

16

66.     Snowden has been injured by the wrongful and fraudulent conduct of Defendants and has been damaged in an amount to be established at trial, as well as entitled to punitive damages in an amount to be established at trial.

## COUNT FIVE
## Pierce the Corporate Veil

67.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

68.     Upon information and belief, CLA and EFA Processing are not incorporated or set up as a separate legal entity; however, if it is in fact a separate legal entity, Defendants CLA and EFA Processing continue to be liable based on the following allegations.

69.     Defendants, Neil J. Ruther, Kenneth Talbert, Paul Boyd and John Does 1-5 individually, are the principal officers, members and/or shareholders of CLA and EFA Processing respectively.  They are the alter ego of CLA and EFA Processing and this Court should "pierce the corporate veil" and hold them liable for Obenauer's allegations against the corporations in paragraphs 1 through 66 above, incorporated herein by reference.

70.     Defendants exercise complete control over the corporations, and are therefore using CLA and EFA Processing, as an alter ego to shield the assets of Defendants.

71.     Defendants used their dominion and control over the corporations to unlawfully deprive Snowden of the money paid for the debt adjustment and credit repair services.

72.     Snowden has suffered monetary loss as a result of the wrongful conduct of Defendants.

73.     Therefore, Defendants removed all the assets from CLA and EFA Processing, rendering them incapable of paying their debts and deprived Snowden from collecting money owed to him by Defendants.

74.     As a result of the above averments, Defendants are each liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the OCSPA, DACA, CSOA, and CROA, as well as Snowden's actual damages, statutory damages, punitive damages, and attorney's fees and costs in an amount in excess of $15,000.00, of which the exact amount will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

1.      ISSUE an order declaring that the Defendants have engaged in acts and practices in violation of the Consumer Sales Practices Act, R.C. § 1345.01 et seq., the Debt Adjustment Companies Act, R.C. § 4710.01 et seq., and the Credit Services Organization Act, R.C. § 4712.01 et seq.

2.      ISSUE a Permanent Injunction enjoining the Defendants, its agents, servants, employees, successors or assigns, and all persons acting in concert and participation with it, directly or indirectly, through any corporate device, partnership, or other association, under this or any other name, from engaging in the acts and practices which Plaintiff complains in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary obligations to Plaintiff.

3.  GRANT judgment against the Defendants in the amount of three times the actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to R.C. § 1345.09(B).

4.  GRANT judgment against the Defendants in an amount not less than the amount paid by Snowden to Defendants, pursuant to R.C. § 4712.10(A)(2).

5.  Costs and reasonable attorney fees, pursuant to R.C. § 1345.09(F)(2) and R.C. § 4712.10(A)(2).

6.  GRANT judgment against the Defendants in an amount not less than the amount paid by Snowden to Defendants, pursuant to 15 U.S.C. §§ 1679-1679j .

7.  Punitive damages.

8.  GRANT such other relief as this Court deems to be just, equitable and appropriate.

Respectfully submitted,

**LUFTMAN, HECK & ASSOCIATES, LLP**

_Katherine Keenan_

Jeremiah E. Heck (0076742)
Katherine L. Keenan (0086356)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax: (614) 224-2894
kkeenan@lawLH.com
Attorneys for Plaintiff

_Snowden v. Consumer Law Associates et al._
COMPLAINT

19

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Carrie Snowden demands trial by jury in this action.

Jeremiah E. Heck (0076742)
Katherine L. Keenan (0086356)



CERTIFIED MAIL

9171 9009 0300 1006 1974 43

PLEASE SCAN

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

$ 05.68°
CC118 2011
02 1M
000 4281935
MAILED FROM ZIP CODE 43215
UNITED STATES POSTAGE

FORWARDING SERVICE REQUESTED

11CV-10-12825  H3  ADDR: 1
76742      JEREMIAH HECK

SNOWD
CONSUMER LAW ASSOCIATES L
% CT CORPORATION SYSTEM
1300 EAST NINTH STREET
CLEVELAND, OH   44114